# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| LEONA MCCONATHY AND EDDIE MCCONATHY | DOCKET NO. |
| VERSUS | JUDGE |
| WAL-MART LOUISIANA, LLC | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come WAL-MART LOUISIANA, LLC, a Delaware limited liability company, WAL-MART STORES, INC., a Delaware corporation, and ANGELA MOORE, citizen of the state of Louisiana, defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiff in the Second Judicial District Court, Jackson Parish, Louisiana, on the 25th day of April, 2017.

2.

Defendants Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC were served with citation on May 1, 2017.  Angela Moore was served with citation on April 26, 2017.

3.

Defendants allege that plaintiffs, LEONA MCCONATHY AND EDDIE MCCONATHY, are residents, citizens, and domiciliaries of the State of Louisiana.

4.

This action is of a civil nature at law.  At the time plaintiffs' Petition was filed, defendant Wal-Mart Louisiana, LLC was and is now a Delaware limited liability company.  The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, a Delaware limited partnership.  The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company.  The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company.  The sole member of both WSE Management, LLC and WSE Investment LLC is Wal-Mart Stores East, Inc. an Arkansas corporation with its principal place of business located in the State of Arkansas.

5.

Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

6.

Defendant, Angela Moore ("Moore"), is alleged to be a Louisiana citizen. Her presence as a defendant would otherwise destroy diversity. As set forth more fully hereafter, defendants allege Moore was improperly joined solely to destroy the diversity jurisdiction of this Court.

7.

A diverse defendant may establish that an in-state defendant was improperly joined for the purpose of defeating its removal rights by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

8.

The *Smallwood* test requires defendant to show there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*

9.

The district court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.

10.

Plaintiffs allege that Moore is the manager of the Wal-Mart store in Jonesboro, Louisiana.

11.

Plaintiffs' only allegations of negligence against Moore relate to her administrative duties as store manager. Plaintiffs allege Moore was negligent in the following respects:

   a. Failing to inspect and maintain proper upkeep of public premises;

   b. Failing to respond as a reasonably prudent person in response to the hazardous condition created by Jim Doe as set forth above;

   c. Failing to warn patrons of possible danger;

   d. Failing to properly manage and supervise the store from a safety perspective;

   e. Failing to take reasonable care and caution under all the circumstances then and there existing;

   f. Failing to properly manage, supervise, and instruct subordinates, namely John Doe, in assisting customers who request assistance in moving, transporting, and/or loading merchandise, and
   g. Any and all other negligent acts which may become apparent at trial on this matter.

12.

Plaintiffs do not allege that Moore placed the water hose upon which plaintiff Leona McConathy claims to have fallen on the ground or that she directed anyone else to do so.

13.

As set forth by this Court in *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092, Louisiana law does not recognize any theory of recovery against a store manager "simply because of his general administrative responsibility for performance of some function of employment." ("There are no allegations here that Williams actively contributed in any way to the allegedly defective condition of the shelf.... This is a classic case of attempting to place liability upon an employee 'simply because of his general administrative responsibility for performance of some function of employment.'"); *Carino v. Wal-Mart Louisiana, LLC, 2006 WL 335784,(W.D. La. 2006)* ("Thomas Nelson's duty to ensure the safety of patrons at Wal-Mart, store No. 543 is nothing more than an administrative responsibility. There is no such theory of recovery under Louisiana law.")

14.

In order for the store manager to be held individually liable for a customer's injury on store premises, plaintiff must satisfy four distinct criteria:

a. First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought.

    b.    Second, this duty is delegated by the employer to the employee.

    c.    Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault.

    d.    Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment.

*Canter v. Koehring,* 283 So.2d 716,721 (La. 1973); *Carter, supra*.

15.

Just as in *Carter*, "plaintiffs generically allege the manager was responsible for training other store employees and implementing procedures for others to follow. Neither of these assignments entails a personal duty to ensure plaintiffs' safety. Instead, they deal with Williams' general duties as manager of a store."

16.

Based upon plaintiffs' pleadings, there is no reasonable basis upon which this Court can predict that plaintiffs might be able to recover against defendant Moore.

17.

Accordingly, defendant Moore has been improperly joined and the Court should disregard her citizenship for purposes of determining diversity jurisdiction.

18.

Plaintiffs also named as defendants two "John Doe" defendants. 28 U.S.C. 1441(b) provides that in determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded."

19.

All remaining defendants are diverse from all plaintiffs.

20.

In their petition, plaintiffs allege that as a result of this accident, plaintiff Leona McConathy has experienced extreme pain in her cervical, shoulder and back area, has undergone a cervical surgical procedure and two surgical procedures on her shoulder, including a rotator cuff replacement.

21.

Plaintiffs further allege that as a result of this accident, plaintiff Leona McConathy has suffered the following damages:

(a)  Physical pain and suffering as may appear reasonable in the premises;

(b)  Past and fault mental pain, and anguish. as may appear reasonable in the premises;

(c)  Past and future physical disability as may appear reasonable in the premises;

(d)  Humiliation and embarrassment as may appear reasonable in the premises;

(e)  Past and future medical expenses as may appear reasonable in the premises;

(f)  Past and future pharmacy expenses as may appear reasonable in the premises;

(g)  Loss of past and future economic loss, including but not limited to lost wages, as may appear reasonable in the premises;

(h)  Disability and limitation of activities, hobbies, and endeavors; and,

(i)  Loss of consortium with her husband.

22.

Although plaintiffs have not articulated the dollar amount sought for their injuries nor pled any jurisdictional amounts, a review of Louisiana cases in which the plaintiff sustained similar injuries requiring three separate surgical procedures reflects that awards in such similar cases are in excess of this Court's $75,000.00 jurisdictional threshold.

23.

Pursuant to 28 USC § 1446(b), this Notice of Removal is timely because it is filed within 30 days of the service of the initial pleading setting forth plaintiff's claims, which service was defendants' first notice of plaintiffs' claim.

24.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

25.

The proper court for removal is the United States District Court for the Western District of Louisiana, Monroe Division.

26.

Defendants file herewith copies of the entire record in the district court, which consists of the following:

(1) Petition for Damages;

(2) Citation issued to Wal-Mart Stores, Inc;

(3) Citation issued to Wal-Mart Louisiana, LLC;

(4) Citation issued to Angela Moore;

(5) Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendant, Angela Moore;

(6) Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendant, Wal-Mart Louisiana, LLC;

(7) Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendant, Wal-Mart Stores, Inc.;

(8) Order;

(9) Request for Written Notice of Trial/Judgments.

27.

Defendants further show unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the Second Judicial District Court, Jackson Parish, Louisiana, all in accordance with 28 USC § 1446(d).

Shreveport, Louisiana, this 10th day of May, 2017.

        BLANCHARD, WALKER, O'QUIN & ROBERTS
        (A Professional Law Corporation)


        By: /s/ Paul M. Adkins
            Paul M. Adkins, Bar #14043, T.A.

        700 Regions Tower
        Post Office Drawer 1126
        Shreveport, LA 71163-1126
        Telephone: (318) 221-6858
        Telecopier: (318) 227-2967

        ATTORNEYS FOR DEFENDANTS, WAL-MART LOUISIANA, LLC, WAL-MART STORES, INC. AND ANGELA MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by e-mail and/or placing same in the United States Mail, postage paid:

>Laura H. Culpepper
>Jackson Parish Clerk of Court
>P.O. Box 730
>Jonesboro, Louisiana  71251


>Cole B. Smith
>Colvin, Smith & McKay
>900 Market Street, Suite 300
>P.O. Box 1831
>Shreveport, Louisiana  71101
>E-mail:  csmith@colvinfirm.com

>Jeffrey L. Robinson
>Law Office of Jeffrey L. Robinson, LLC
>215 6th Street, Suite B
>Jonesboro, Louisiana  71251
>E-mail:  jlrlaw@bellsouth.net
>*Attorneys for Plaintiffs, Leona and Eddie McConathy*

Shreveport, Louisiana, this 10th day of May, 2017.

                                                    /s/    Paul M. Adkins
                                                    Paul M. Adkins