I hereby certify that the within and foregoing is a true and correct copy of the original now on file in my office together, with all of the endorsements thereon.
Witness my official signature and seal of office on this _25_ day of _April_
A.D., 20_17_

Clerk of Court, Jackson Parish, Louisiana

**FILED**

APR 2 1 2017

By: __s/ Denice Hattaway__
DENICE HATTAWAY DY CLERK
Jackson Parish Clerk of Court

| | |
|---|---|
| LEONA McCONATHY AND EDDIE McCONATHY | : DOCKET NO: 34,968 |
| VERSUS | : 2ND JUDICIAL DISTRICT COURT |
| WAL-MART LOUISIANA, LLC | : JACKSON PARISH, LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Leona McConathy and Eddie McConathy, competent majors and domiciliaries of Jackson Parish, Louisiana, who, with respect, plead the following cause of action:

1.

Made defendants herein are:

(a) Wal-Mart Louisiana, L.L.C., a foreign limited liability company authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

(b) Wal-Mart Stores, Inc. (Wal-Mart Louisiana, L.L.C. and Wal-Mart Stores, Inc. may be collectively referred to herein as "Wal-Mart"), a foreign corporation authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

(c) Angela Moore, who, upon information and belief, is a competent adult and domiciliary of Jackson Parish, Louisiana;

(d) John Doe, who, upon information and belief is a competent adult and domiciliary of Jackson Parish, Louisiana; and

(e) Jim Doe, who, upon information and belief is a competent adult and domiciliary of Jackson Parish, Louisiana.

2.

Venue is proper in this parish under Louisiana Code of Civil Procedure Article 74, which

provides, in relevant part... "An action for the recovery of damages for an offense or *quasi* offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." The wrongful conduct occurred and the resulting damages were sustained in Jackson Parish, Louisiana.

3.

Upon information and belief, defendant, Wal-Mart, owns and/or operates a retail store located at 184 Old Winnfield Road, Jonesboro, Louisiana, which does business as "Walmart Supercenter" (hereinafter reference to the physical site will be to Walmart Supercenter).

4.

On or about April 25, 2016, plaintiff, Leona McConathy, was shopping at the Walmart Supercenter in the gardening department. She purchased two small fig trees but did not bring the fig trees home that day. On or about April 26, 2016, Ms. McConathy returned to pick up the two fig trees that she had purchased the previous day. She asked an employee, John Doe, of the Walmart Supercenter for assistance with moving and loading the fig trees; however, John Doe refused to assist Ms. McConathy in moving or loading the fig trees.

5.

At approximately 3:30 p.m. on April 26, 2016, after being refused assistance by John Doe, Ms. McConathy bent down to pick up the fig trees. While doing so, she tripped on a water hose, lost her balance, and fell. Ms. McConathy did not see the water hose prior to tripping on it, as the water hose was obscured, at least in part, by the fig trees and/or other plants.

6.

Upon information and belief, the water hose was not an item of merchandise offered for sale by Wal-Mart but, instead, was being utilized by a Wal-Mart employee, Jim Doe, in the garden center.

7.

After the incident, Angela Moore, who, upon information and belief, was a Wal-Mart employee and store manager, spoke with Ms. McConathy. Ms. Moore advised Ms. McConathy that Jim Doe should not have left the water hose where it was located at the time of the incident, that Jim Doe should have removed the water hose from its location at the time of the incident; and that Jim

Doe should have put the water hose in its designated location in the gardening department.

8.

Upon information and belief, Moore knew or should have known that Jim Doe had failed to remove the water hose and place it in its designated location, i.e. Moore was aware of the unreasonably hazardous condition and failed to act in a reasonably prudent manner in response thereto.

9.

Furthermore, Moore, as manager of the Wal-Mart SuperCenter and employee of Wal-Mart, was negligent and personally liable to plaintiffs in the following, non-exclusive, particulars:

a. Failing to inspect and maintain proper upkeep of public premises;

b. Failing to respond as a reasonably prudent person in response to the hazardous condition created by Jim Doe as set forth above;

c. Failing to warn patrons of possible danger;

d. Failing to properly manage and supervise the store from a safety perspective;

e. Failing to take reasonable care and caution under all the circumstances then and there existing;

f. Failing to properly manage, supervise, and instruct subordinates, namely John Doe, in assisting customers who request assistance in moving, transporting, and/or loading merchandise; and

g. Any and all other negligent acts which may become apparent at trial on this matter.

10.

John Doe, as an employee of Wal-Mart, was negligent and personally liable to plaintiffs in the following, non-exclusive particulars:

a. Failing to respond in a reasonably prudent manner in response to Ms. McConathy's request for assistance in moving and/or loading the fig trees;

b. Failing to assist Ms. McConathy despite her specific request for assistance in moving and/or loading the fig trees; and

c. Any and all other negligent acts which may become apparent at trial on this

matter.

11.

Jim Doe, as an employee of Wal-Mart, was negligent and personally liable to plaintiffs in the following, non-exclusive particulars:

a. Failing to properly use the water hose;

b. Failing to remove the water hose;

c. Failing to place the water hose in a safe location after using the water hose;

d. Failing to maintain proper upkeep of public premises;

e. Failing to warn patrons of possible danger;

f. Failing to take reasonable care and caution under all the circumstances then and there existing; and

g. Any and all other negligent acts which may become apparent at trial on this matter.

12.

At all relevant times herein, Leona McConathy was acting in a reasonable, prudent, ordinary, and careful manner.

13.

The above described accident was caused as a direct result of the negligence of Angela Moore, John Doe, and Jim Doe.

14.

Wal-Mart, as a merchant, owed a duty to Leona McConathy, as a store patron, to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. This duty included a reasonable effort to keep the premises free of any hazardous condition which reasonably could have given rise to damage. La. R.S. 9:2800.6(A). Wal-Mart delegated this duty to its manager(s) and employee(s), including but not limited to Angela Moore, John Doe, and Jim Doe. Moore, John Doe, and Jim Doe, failed to discharge the duty delegated by their employer with the degree of care required by ordinary prudence under the same or similar circumstances as more specifically set forth above. Moore, John Doe, and Jim Doe owed personal duties to Ms. McConathy as more specifically set forth above and breached these specific duties owed to Ms. McConathy,

causing the damages sustained by the plaintiffs.

15.

Wal-Mart, through the actions or inactions of its employees, breached the duty owed to Leona McConathy in providing a safe commercial premise for its customers.

16.

Wal-Mart, through the actions or inactions of its employees, created the condition which ultimately caused the damage sustained by Ms. McConathy.

17.

Further, the cause of the accident and resulting injuries sustained by Leona McConathy was the negligence and fault of Wal-Mart, through the actions and inactions of its employees as set forth above, in the following non-exclusive particulars:

(a) failing to use ordinary and reasonable care to keep its premises and/or its aisles, passageways, and floors in a reasonable safe condition, i.e., in a clean and safe condition and free from a dangerous and/or hazardous condition, vice, and/or defect;

(b) failing to properly inspect the premises;

(c) failing to properly maintain the premises;

(d) failing to establish and/or failure to follow proper procedures for inspecting and/or maintaining the premises;

(e) failing to warn customers of the presence of a potentially dangerous and/or hazardous condition;

(f) failjng to place warning signs or cones;

(g) placing and leaving the water hose on the floor of the premises thereby creating a dangerous and/or hazardous condition for its patrons, which condition reasonably could have given rise to, and did, in fact, cause damage and/or injury to Leona McConathy, its patron;

(h) creating, allowing, and/or having actual or constructive knowledge of, before the above-described accident, a dangerous and/or hazardous condition that presented an unreasonable risk of harm to patrons, like Leona McConathy, which harm was reasonably foreseeable, and that reasonably might give rise to, and did, in fact, cause, damage and/or injury to Leona McConathy, its patron; and

(i) failing to train and supervise its employees to properly inspect and clear hazards from the floors.

18.

Leona McConathy also pleads the doctrine of *res ipsa loquitor*.

19.

As a result of injuries sustained in the fall, Ms. McConathy experienced extreme pain in her cervical, shoulder, and back areas. Ms. McConathy recently underwent a cervical surgical procedure as a result of the damages she sustained in the fall. In addition, Ms. McConathy's injuries sustained in the accident have required two surgical procedures on her shoulder, including a rotator cuff replacement.

20.

Leona McConathy is entitled to recover such damages as are reasonable in the premises, including, but not necessarily limited to:

(a) Physical pain and suffering as may appear reasonable in the premises;
(b) Past and future mental pain and anguish as may appear reasonable in the premises;
(c) Past and future physical disability as may appear reasonable in the premises;
(d) Humiliation and embarrassment as may appear reasonable in the premises;
(e) Past and future medical expenses as may appear reasonable in the premises;
(f) Past and future pharmacy expenses as may appear reasonable in the premises;
(g) Loss of past and future economic loss, including but not limited to lost wages, as may appear reasonable in the premises;
(h) Disability and limitation of activities, hobbies, and endeavors; and,
(i) Loss of consortium with her husband.

21.

Leona McConathy's husband, Eddie, has suffered and continuous to suffer from the loss of love, affection, and consortium of his wife, Leona McConathy, due to the injuries and damage resulting from the injuries sustained as a result of her fall at Wal-Mart.

22.

Plaintiffs may be required to use expert witnesses at trial of this case and their fees together with any expenses for taking their depositions should be fixed as taxed as cost in these proceedings.

23.

In accordance with Louisiana Code of Civil Procedure arts. 1572 and 1913, plaintiff requests written notice of any and all assignment of this case for trial or hearing and notice of signing of any judgment herein.

24.

Upon information and belief, the value of the claims of plaintiffs exceed the requisite amount necessary for a jury trial, pursuant to La. Code of Civil Procedure art. 1732, and plaintiff affirmatively pleads and is entitled to a jury for the acts alleged herein.

WHEREFORE, plaintiffs, Leona McConathy and Eddie McConathy, pray:

(a) That Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Angela Moore, defendants herein, be duly served with a certified copy of this petition and duly cited to appear herein and answer same;

(b) That all fees of expert witnesses as they may be fixed by this Court or by agreement of the parties be taxed as costs, and defendants, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc. and Angela Moore, be cast for these and all other costs of these proceedings;

(c) That, after all due proceedings are had, there be judgment herein against defendant, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Angela Moore, *in solido*, and in favor of plaintiffs, Leona McConathy and Eddie McConathy, for such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid; and,

(d) For all general and equitable relief.

Respectfully submitted,

**COLVIN, SMITH & MCKAY**

BY: _____
COLE R. SMITH, Bar Roll #30063
JAMES H. COLVIN, JR., Bar Roll #21532
TAUNTON MELVILLE, Bar Roll #33275
900 Market Street, Suite 300
Post Office Box 1831
Shreveport, Louisiana 71101
Telephone: (318) 429-6770
Facsimile: (318) 429-6771

&

LAW OFFICE OF JEFFREY L. ROBINSON, L.L.C.
JEFFREY L. ROBINSON, Bar Roll #23916
215 6th Street, Suite B
Jonesboro, Louisiana 71251
Tel: (318) 259-9024
Fax: (318) 259-8603

*Attorneys for Plaintiffs, Leona and Eddie McConathy*

**PLEASE SERVE:**

Wal-Mart Louisiana, LLC,
Through its registered agent
For service of process,
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana, 70816

Wal-Mart Stores, Inc.
Through its registered agent
For service of process,
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana, 70816

Angela Moore
110 Gayla Drive
Jonesboro, Louisiana 71251

**FILED**

APR 2 1 2017

By: _____**s/ Denice Hattaway**
DENICE HATTAWAY DY CLERK
Jackson Parish Clerk of Court

| | |
|---|---|
| **LEONA McCONATHY AND EDDIE McCONATHY** | : DOCKET NO: 34,968 |
| **VERSUS** | : 2ND JUDICIAL DISTRICT COURT |
| **WAL-MART LOUISIANA, LLC** | : JACKSON PARISH, LOUISIANA |

### VERIFICATION

STATE OF LOUISIANA

PARISH OF JACKSON

BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the aforesaid state and parish, and therein residing, personally came and appeared

LEONA McCONATHY and EDDIE McCONATHY

who after being first duly sworn, deposed and said:

That they are the plaintiffs in the above and foregoing Petition; that they have read same; and that all of the facts and allegations contained therein are true and correct to the best of their knowledge, information and belief.

**LEONA McCONATHY**

**EDDIE McCONATHY**

SWORN TO AND SUBSCRIBED, BEFORE ME, Notary Public, this, 21st day of April, 2017, at Jackson Parish, Louisiana.

JUDITH K. DAVIS
Notary Public, in and for Jackson Parish, Louisiana
Notary No. 11776
My Commission is for Life.

**JUDITH K. DAVIS
NOTARY PUBLIC
STATE OF LOUISIANA
NOTARY # 11776**