# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| LEONA MCCONATHY, ET AL. | * | CIVIL ACTION NO. 17-0622 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| WAL-MART LOUISIANA, L.L.C., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to remand [doc. # 10] filed by plaintiffs Leona McConathy and Eddie McConathy. The motion is opposed. For reasons set forth below, it is recommended that the motion be DENIED. It is further recommended that plaintiffs' claims against fictitious defendants, John Doe and Jim Doe be DISMISSED, without prejudice.

## Discussion

### I.     The Motion to Remand

On April 25, 2017, Leona McConathy (hereinafter, sometimes referred to as "McConathy") and her husband, Eddie McConathy, filed the instant suit for damages in the 2nd Judicial District Court for the Parish of Jackson, State of Louisiana, against defendants Wal-Mart Louisiana, L.L.C. and Wal-Mart Stores, Inc. (collectively, "Wal-Mart"), plus Wal-Mart store manager, Angela Moore; and two unknown Wal-Mart employees, John Doe and Jim Doe. Plaintiffs seek to recover damages for injuries sustained by McConathy following a trip and fall at the Jonesboro Wal-Mart store.

On May 10, 2017, defendants, Wal-Mart and Angela Moore, timely removed the matter

to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal. Wal-Mart is a citizen of Arkansas and Delaware. *Id*. Plaintiffs are citizens of Louisiana, as is defendant, Angela Moore. (Petition, Preamble; Notice of Removal).[1] To circumvent the patent lack of diversity between the parties, removing defendants argued that plaintiffs have no reasonable possibility of recovery against Moore, and that she was improperly joined in an effort to defeat removal. *See* Notice of Removal. Plaintiffs disagreed (at least initially) with defendant's assessment of their claims against Moore, and on June 9, 2017, filed a motion to remand because of incomplete diversity, i.e. lack of subject matter jurisdiction. [doc. # 10].

In their motion to remand, plaintiffs stated that if the court were inclined to "pierce the pleadings" to assess the viability of plaintiffs' claims against the non-diverse defendant, Angela Moore, then they wanted an opportunity to conduct discovery, not only as to that issue, but also for purposes of identifying the fictitious defendants, Jim and John Doe, whom plaintiffs intended to substitute as defendants. *See* Pl. M/Remand, Memo., pg. 8. Accordingly, on August 15, 2017, the court granted plaintiffs' request and set deadlines to conduct discovery regarding the foregoing issues and to file a supplemental brief(s), together with any motion for leave to substitute parties. (Aug. 15, 2017, Order [doc. # 20]).

On October 13, 2017, however, plaintiffs filed a motion to voluntarily dismiss non-diverse defendant Angela Moore, which the court granted. [doc. #s 23-24]. By voluntarily dismissing the non-diverse defendant, plaintiffs essentially abandoned the original basis for their

---

[1] The citizenship of the two fictitiously named defendants is disregarded for purposes of diversity. 28 U.S.C. § 1332(b).

motion to remand. Instead, plaintiffs filed a motion for leave to amend their complaint to join Louisiana domiciliary, Terry Reese. Of course, because plaintiffs also are Louisiana citizens, the joinder of Reese would destroy the court's diversity jurisdiction and compel remand. In effect, plaintiff substituted a new, conditional basis for their still nominally pending motion to remand. By separate order, however, the undersigned denied plaintiffs' motion for leave to amend. *See* Mem. Order. Having denied joinder and determined that Reese is not an indispensable party, the court continues to enjoy subject matter jurisdiction, via diversity. Accordingly, the motion to remand is moot. *Shief v. Tenet Heathsystem Hosp. Inc.*, 1998 WL 849308 (E.D. La. Dec. 7, 1998) (having denied joinder, the motion to remand on that basis is moot).

## II.     The Fictitious Defendants

Local Rule 41.3 provides for dismissal, without prejudice, of a civil action or party for lack of prosecution where a cause of action had been pending for six months without proceedings being taken within such period. *See* LR 41.3. Here, the case has been pending for more than six months (since its state court inception) without plaintiffs' seeking to substitute a proper party for the fictitiously named John Doe and Jim Doe. In fact, the court expressly granted plaintiffs leave to conduct discovery for purposes of identifying and substituting named parties for the fictitious Jim Doe and John Doe. The deadline has since lapsed, with no motion to amend to substitute a named party for the fictitious defendants. Instead, plaintiffs attempted to join an "additional defendant,"[2] while removing the fictitiously named defendants from their proposed amended

---

[2] According to the original petition, John Doe was the Wal-Mart employee who refused to help plaintiff. Furthermore, Jim Doe was the employee who "utilized" the water hose and left it on the ground where McConathy encountered it. (Petition, ¶¶ 6-7). Reese, however, did not utilize the hose; plaintiffs only accuse him of failing to discover and redress the hazardous condition. *See* Prop. 1st Amend. Compl.

3

complaint.

In short, plaintiffs have not demonstrated good cause for their failure to substitute parties for the fictitious defendants. Moreover, by all accounts, they no longer wish to proceed against them. Under these circumstances, dismissal is warranted.[3]

## Conclusion

For the foregoing reasons, the court finds that it enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.[4] Accordingly,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 10] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' claims against John Doe and Jim Doe be DISMISSED, without prejudice. LR 41.3.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

---

[3] The court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also, Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

[4] The remaining, named parties are completely diverse, and it is facially apparent from the face of the complaint that the amount in controversy exceeds $75,000.

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 2nd day of November 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE