# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LEONA MCCONATHY, ET AL.** | **CIVIL ACTION NO. 17-0622** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## RULING

This is a merchants liability case in which Plaintiffs Leona and Eddie McConathy allege that Mrs. McConathy was injured when she fell after tripping over a water hose at the Wal-Mart store in Jonesboro, Louisiana. Pending before the Court is Defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion in Limine [Doc. No. 34]. For the following reasons, the motion is DENIED.

## I.  FACTS AND PROCEDURAL HISTORY

On April 25, 2016, Mrs. McConathy purchased two fig trees from the Jonesboro Wal-Mart. She returned the next day to pick them up. Mrs. McConathy allegedly asked a cashier in the Garden Center for assistance and was refused, but another customer, Darrel Waltman ("Waltman") offered his help.

At approximately 3:30 p.m., Mrs. McConathy and Waltman were in the parking lot where the fig trees were located in a corral. Mrs. McConathy was standing on the pallet where the trees were displayed at one point. She allegedly stepped off the pallet onto the pavement with both feet and then stepped back. When she did, according to Mrs. McConathy and according to her characterization of Waltman's deposition, she tripped over the water hose and fell. There is video footage of her fall.

Plaintiffs brought suit on April 25, 2017, in the Second Judicial District Court, Jackson Parish, Louisiana. Wal-Mart removed to this Court on May 10, 2017.

On August 7, 2018, Wal-Mart filed the instant Motion in Limine, moving to exclude Plaintiffs' expert, Dennis Howard, from testifying at the jury trial set for November 13, 2018. Plaintiffs filed a memorandum in opposition to the Motion in Limine. [Doc. No. 36]. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

Plaintiffs retained Dennis Howard ("Howard"), a board certified Safety Professional who has a comprehensive general consulting practice. He has worked in the field of accident prevention and safety management since 1969. He has specific experience in analyzing causes and contributing causes of slips and falls. After reviewing the documents, photographs, video, depositions, and other evidence in this case, Howard issued a report on May 25, 2018, in which he opines as follows:

(1) The rust-colored garden hose left in a customer's expected shopping area created an unreasonably dangerous condition.

(2) The Walmart employees failed to follow a good and well accepted practice of removing and storing unattended garden hoses in a place or manner that does not create a tripping hazard for shoppers.

(3) Walmart failed to use the yellow-colored hose known to provide a greater degree of contrast than the red or green hose to improve the shopper's ability to see and appreciate the presence of the hose.

(4) Walmart employees knew that this rust-colored hose left in a shopping area was a tripping hazard and failed to detect and correct the condition in approximately 9 hours;

2

(5)     during the probable time of creation at approximately 6:30 AM at the completion of the early morning watering task and time of the accident at approximately 3:35 PM.

(5)     It is more likely than not that the Walmart employee who was assigned the morning watering task created the hazard of the unspooled and overlapping hose in a known shopping area.

(6)     The "zoning" inspection failed to detect and correct a condition known to be a hazard by Walmart and that failure resulted in an unreasonably dangerous condition to a contemplative and discriminating shopper.

(7)     Walmart hourly and management employees failed to detect and correct the dangerous tripping hazard frequently addressed in safety training materials and reminder sessions.

(8)     It appears that Mrs. McConathy took a slightly different route when approaching the fig tree storage area than the route of her backward step resulting in contact with the hose and causing the fall. Mrs. McConathy did not see or appreciate that the hose was in an unexpected but close position to the fig tree storage when she took her backward step.

(9)     The different path of travel that Mrs. McConathy took before her accident, her focus to find and select the trees previously paid for and other potential distractions of vertical posts, electrical equipment, hose reel with multi-colored hoses, signage and merchandise displays, would prevent the rust colored hose from being an open and obvious condition that would be recognized and consistently avoided by a shopper.

[Doc. No. 34, Exh. 1, Howard report].

On August 7, 2018, Wal-Mart filed the instant Motion in Limine, moving to exclude Howard's opinion because it would not be helpful to the jury, as required by Federal Rule of Evidence 702; he "just reviews the same evidence that the jury will and makes conclusions that a jury could make based on the evidence"; and he "speculates that a Wal[-]mart employee left the hose on the ground without accounting for the possibility that someone else might have."

On August 14, 2018, Plaintiffs filed a memorandum in opposition to the motion. [Doc. No. 36]. Plaintiffs respond that Howard's opinions are admissible within the context of a dispute arising under the Merchant Liability Act, LA. REV. STAT. 9:2800.6, and such testimony is routinely permitted by Louisiana state and federal courts.

The Merchant Liability Act governs negligence claims brought against a merchant for damages arising from a fall due to a condition existing on the merchant's premises. In a slip or fall case against a merchant, a plaintiff must satisfy "the essential elements of a standard negligence claim in addition to the requirements under [LA. REV.STAT.] 9:2800.6." *Sheffie v. Wal-Mart La., LLC*, 13-792 (La. App. 5 Cir. 2/26/14); 134 So. 3d 80, 83. Section 9:2800.6 provides as follows:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the

burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care.

In pertinent part, subsection C defines "Constructive notice" as meaning that "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. 9:2800.6(C).

It is against the backdrop of the applicable statute that the Court must determine the admissibility of an expert's testimony. Admissibility is governed by Federal Rule of Evidence 702. Rule 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The district court's role in applying Rule 702 is that of a gatekeeper. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). In considering whether the proffered testimony should be admitted, the court first considers whether the witness is qualified as an expert by knowledge, skill, experience, training, or education. *See Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 684 (5th Cir. 1997). The court then determines whether the proffered

5

testimony will assist the trier of fact in understanding the evidence or determining a factual issue in dispute (i.e., the relevancy test). *See id.; see also* FED. R. EVID. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Rule 702 also "imposes a special obligation on a trial judge to 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589); *see also United States v. Rubio*, 321 F.3d 517, 525 (5th Cir. 2003).

"[A]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (internal quotations and citations omitted). "It is the role of the adversarial system, not the court, to highlight weak evidence[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

Wal-Mart does not challenge Howard's qualifications and experience as a safety expert or his general methodology, but does challenge the relevancy and reliability of his testimony.

First, the Court finds that Howard is qualified as a safety expert and properly applied the methodology used in this area. He has years of training and experience and has been an expert in cases involving slip and falls many times.

Second, the Court finds, contrary to Wal-Mart's arguments, that Howard's testimony is relevant and reliable. Howard can testify based on his review of the cited evidence in this case.

"[T]here is no requirement that an expert derive his opinion from 'firsthand knowledge or observation.'" *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 746-47 (5th Cir. 2017) (quoting *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 876 (5th Cir. 2013) (other citation and internal quotation marks omitted)). Further, the Court finds that Howard's opinions could be helpful to the jury in determining whether the hose, based on the color, where placed, and other facts, was an unreasonably dangerous condition. Likewise, his opinions also bear on the jury's determination whether Wal-Mart had constructive notice of the hose prior to the accident.

In sum, although there may be factors which call into question the weight to be accorded Howard's testimony, his opinions rely on methodology and evidence which are sufficiently relevant and reliable to meet the *Daubert* standard, and any questions as to weight is decided by the trier of fact. *See Simpson v. James*, 903 F.2d 372, 377 (5th Cir. 1990). Wal-Mart will have the opportunity to challenge Howard's opinions on cross-examination and to object to specific testimony during trial.

## III. CONCLUSION

For the foregoing reasons, Wal-Mart's Motion in Limine [Doc. No. 34] is DENIED.

MONROE, LOUISIANA, this 15th day of August, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE