UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEONA MCCONATHY, ET AL.** | **CIVIL ACTION NO. 17-0622** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## RULING

This is a merchants' liability case in which Plaintiffs Leona and Eddie McConathy allege that Mrs. McConathy was injured when she fell after tripping over a water hose at the Wal-Mart store in Jonesboro, Louisiana. Plaintiffs brought suit against Defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc.

Pending before the Court is Plaintiffs' Motion in Limine [Doc. No. 41] in which they move to exclude three categories of evidence. Defendants responded to the motion. [Doc. No. 43]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### I. COLLATERAL SOURCE EVIDENCE

First, Plaintiffs move to exclude from evidence any reference to the payment of Mrs. McConathy's medical expenses by collateral sources by Medicare, private health insurance, or others.[1] Defendants have responded that they do not intend to offer this type of evidence. The parties have agreed to stipulate that any judgment Plaintiffs obtain is subject to a lien or liens by

---

[1] *See Bozeman v. State*, 879 So.2d 692, 697 (La.2004) (noting that the common law collateral source rule has its source in the Restatement (Second) of Torts and that it has been embraced by Louisiana courts).

Medicare, Medicaid, and/or insurers.  The parties further agree that the stipulation need not be read to the jury.

Accordingly, Plaintiffs' Motion in Limine is GRANTED in this regard, and any testimony and/or evidence related to collateral source payments is EXCLUDED from trial.

## II.     PRIOR, UNRELATED INJURIES

Second, pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs move to exclude any evidence of Mrs. McConathy's "prior, unrelated injuries," including her life-long chronic kidney condition which has resulted in multiple surgeries and her surgeries for hip pain and hip replacements.  They argue that these conditions, surgeries, and injuries are unrelated to the accident at issue in this case, and, thus, are irrelevant.  Alternatively, even if there is some degree of relevance, Plaintiffs argue that the relevance would be greatly outweighed by unfair prejudice to their case and confusion to the jury.  Plaintiffs do not seek to exclude evidence of Mrs. McConathy's surgeries, treatments, and/or injuries to her back and rotator cuff.

Defendants respond that Plaintiffs' motion is premature and overly broad.  Defendants contend that evidence of Mrs. McConathy's medical condition is relevant to Plaintiffs' claims for general damages and to Mr. McConathy's loss of consortium claim.  They point out that, in part, Mrs. McConathy will claim that she is now limited in her ability to care for Mr. McConathy, who is disabled.

Pursuant to Federal Rule of Evidence 401, to be admissible, evidence must be "relevant." "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Relevant evidence is admissible" unless the United States Constitution, a federal statute, the

2

Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise.

FED. R. EVID. 402. However,

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403.

At this time, Plaintiffs' Motion in Limine to exclude evidence of her prior kidney condition and related treatments and her prior hip condition and related treatment is DENIED. The Court agrees with Defendants that such evidence is admissible for the purposes of establishing her general health condition prior to the accident at Wal-Mart and to her spouse's consortium losses. To the extent that Defendants attempt to offer evidence outside of these purposes, such as to show that she is a chronic personal injury claimant, Plaintiffs may re-urge their objection at trial.

### III. PRIOR LAWSUITS AND CLAIMS

Finally, Plaintiffs move to exclude from evidence Mrs. McConathy's prior lawsuit as a result of an accident at Lone Star Steakhouse and a prior medical malpractice claim arising out of a hip surgery. Defendants have responded that they do not intend to offer evidence of prior lawsuits or claims, "assuming that plaintiffs stipulate that her hip injury was not fact caused by accident at issue in this suit." [Doc. No. 43, p. 4].

The Court finds that Mrs. McConathy's prior lawsuits and claims are irrelevant and should be excluded from evidence. Plaintiffs are clear in their Motion in Limine that they do not contend that Mrs. McConathy suffered a hip injury as a result of the fall at Wal-Mart, and, thus, her malpractice claim is irrelevant. Therefore, Plaintiffs' Motion in Limine is GRANTED, and

evidence of Mrs. McConathy's prior lawsuit against Lone Star Steakhouse and her prior medical malpractice claim regarding her hip surgeries are EXCLUDED from evidence.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion in Limine [Doc. No. 41] is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiffs move to exclude evidence of collateral source payments, the motion is GRANTED, and this evidence is EXCLUDED. To the extent that Plaintiffs move to exclude evidence of prior lawsuits and claims, the motion is GRANTED, and evidence regarding Mrs. McConathy's prior lawsuit against Lone Star Steakhouse and her prior medical malpractice claim related to her hip surgeries are EXCLUDED from evidence. Finally, to the extent that Plaintiffs move to exclude evidence of Mrs. McConathy's prior injuries, the motion is DENIED, subject to Plaintiffs' right to object at trial.

MONROE, LOUISIANA, this 21st day of September, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE