# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **LEONA MCCONATHY, ET AL.** | **CIVIL ACTION NO. 17-0622** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## RULING

This is a merchants liability case in which Plaintiffs Leona and Eddie McConathy allege that Mrs. McConathy was injured when she fell after tripping over a water hose at the Wal-Mart store in Jonesboro, Louisiana. Plaintiffs brought suit against Defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendants").

Pending before the Court is Plaintiffs' "Motion *in Limine* to Exclude Opinions in Supplemental I.M.E. Report of Wal-Mart's Expert, Dr. David Googe" ("Motion *in Limine*") [Doc. No. 47]. Defendants responded to the motion. [Doc. No. 50]. Plaintiffs filed a reply memorandum. [Doc. No. 52].

For the following reasons, the motion is DENIED.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

On May 9, 2018, Defendants retained Dr. David Googe to conduct a records review for Mrs. McConathy. Because of the voluminous medical records, Dr. Googe thought an independent medical examination ("IME") of Mrs. McConathy. Dr. Googe made this suggestion to Defendants' counsel.

Dr. Googe conducted a physical examination of Mrs. McConathy on July 13, 2018. During the examination, Mrs. McConathy allegedly told Dr. Googe that had experienced

problems with her shoulder in the past, but that she was doing fine prior to the accident and "had no history of left shoulder problems that predated this accident." [Doc. No. 50, Exh. A].

Following his examination, on July 19, 2018, Dr. Googe issued an expert report, which was provided to Plaintiffs' counsel. He relied on her history and in the report, he opined:

> With regard to causation, I do not think the fall caused the arthritis nor do I think it caused the rotator cuff tear in her right shoulder. In addition, I suspect the neck had pre-existing arthritis as did the left shoulder. The problem with this clinical scenario is that subjectively she did not have many complaints related to her shoulder, neck and or left shoulder prior to this accident. So, I feel like her fall certainly contributed to her need for right shoulder, neck and left shoulder (x4) surgeries.

[Do. No. 47, Exhibit A].

On August 9, 2018, Dr. Googe met with counsel for Defendants and reviewed the medical records provided by Dr. Mays, an orthopedist at Willis Knighton. According to Dr. Googe, he had Dr. Mays' records in his possession prior to issuance of the report, but he had not reviewed them because of the volume of her records.

After reviewing Dr. Mays' records, however, on September 19, 2018, Dr. Googe issued a supplemental report [Doc. No. 47, Exh. B]. In that report, he now opines:

1. The question at hand is whether or not those surgeries [neck and four shoulder] were related to the fall.

2. As it turns out, Leona had complained of bilateral shoulder pain just 10 days before her fall when she was seen by Dr. John Mays.

3. Being that she had complained about shoulders . . ., I don't feel like the fall was the reason for her surgery.

4. With regard to her neck, she had a floating fusion that was done in the past. It is my opinion that she was going to eventually need an additional fusion . . . But, I would defer to a spine expert on this topic.

5. I found Leona to be a delightful patient.

[Doc. No. 47, Exh. B]. While Dr. Googe does not believe that Mrs. McConathy intended to mislead him, he avers that the inaccurate medical history was the basis of his original report, and his review of Dr. Mays' records was the reason for the issuance of the supplemental report.

## II. LAW AND ANALYSIS

Under the provisions of the Federal Rules of Civil Procedure, parties are required to disclose the identity of their expert witnesses and provide the experts' reports within the deadlines set in the Court's scheduling order. *See* FED. R. CIV. P. 26(a)(2); FED. R. CIV. P. 26(a)(3)(B). Although an expert is allowed to supplement his report, "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether a party's failure to disclose is harmless, courts look to four factors: (1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence. *CQ, Inc. v. TXU Mining Co., L.P*., 565 F.3d 268, 280 (5th Cir. 2009)).

In this case, the Court finds that Defendants' expert has provided an adequate explanation for the failure to timely disclose, and this evidence is important to the defense. Further, to the extent there might be any prejudice to Plaintiffs, the Court hereby grants leave of Court to conduct a supplemental deposition of Dr. Googe. If requested, the Court will also grant a continuance to prevent any prejudice to Plaintiffs.

Finally, the Court finds no basis to exclude the supplemental report under Federal Rule of Civil Procedure 35. Under Rule 35, a party may move the Court for an order appointing an independent medical examiner to examine a party whose "physical condition . . . is in controversy." FED. R. CIV. P. 35(a). Additionally, under Rule 35(b)(6), the provisions of the rule related to the examiner's report "applies . . . to an examination made by the parties' agreement, unless the agreement states otherwise. *This subdivision does not preclude obtaining an examiner's report or deposing an examiner under other rules*." (emphasis added). Where a plaintiff, through counsel, voluntarily submits to a physical examination by defendant's retained expert physician, the physician remains a retained expert, pursuant to Federal Rule of Civil Procedure 26(a)(2). *See Seaman v. Seacor Marine, LLC*, Civil Action No. 7-3354-JCZ-SS, 2008 WL 1862367 at *2 (E.D. La. April 23, 2008). Thus, the plaintiff is entitled to a copy of the expert report under Rule 26. Nothing in Rule 35 prohibits a defendant from engaging in *ex parte* communications with its own retained expert. Rather, it is plaintiff's counsel who is so prohibited. *Id.* at *3(". . . when a defendant sends a plaintiff to a physician for an IME, the physician is a retained expert and the only way for counsel for the plaintiff to obtain information from the physician is through Rule 26(b)(4).")

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion *in Limine* [Doc. No. 47] is DENIED.

MONROE, LOUISIANA, this 16th day of October, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

4